UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| ANN LEWIS, | ) |
| :--- | :--- |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:24-cv-01046 |
| Q-SOURCE TENNESSEE, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

In this employment discrimination and retaliation action, Qsource Inc. ("Qsource") has moved for partial summary judgment against its former employee, Ann Lewis ("Lewis"), arguing that her claims are judicially estopped. (Doc. No. 22). Qsource's motion is ripe for review. (Doc. Nos. 35, 41). For the reasons that follow, the motion for partial summary judgment is **DENIED**.

Lewis was employed by Qsource as its Director, and then Vice President, of Business Development from 2021 to 2024. (Doc. No. 40 ¶¶ 1-2, 15). Qsource terminated Lewis' employment on January 16, 2024. (Id. ¶ 15); (see also Doc No. 36 ¶ 10). Lewis, who claims she suffered from serious medical conditions, asserts she was unlawfully fired in violation of the Family Medical Leave Act ("FMLA") and Tennessee Public Protection Act ("TPPA"). (Doc. No. 40 ¶ 15); (see also Doc. No. 1). She retained an attorney to explore her FMLA and TPPA claims in March 2024, and filed this action on August 27, 2024. (Doc. Nos. ¶¶ 11, 24).

In 2022, before any of her discrimination or retaliation claims had accrued, she filed a Voluntary Chapter 13 Bankruptcy Petition ("Petition") in the United States Bankruptcy Court for the Middle District of Tennessee. (See In re Ann Curry Lewis, Case No. 3:22-bk-1396 (Bankr. M.D. Tenn.)). The Bankruptcy Court confirmed her Chapter 13 Plan on June 17, 2022. (Id.),

(Doc. No. 19). It appears that her plan is active because she agreed to make monthly payments for sixty months. (Id.)

Lewis informed her bankruptcy counsel about her termination and her potential FMLA and TPPA claims against Qsource in Spring 2024. (Doc. No. 40 ¶ 15). In December 2024, Lewis updated her bankruptcy attorneys about the status of her FMLA and TPPA claims, and "expressed her willingness to perform any necessary actions to assure compliance with [her] bankruptcy obligations, including intervening the Trustee in the lawsuit as a party if necessary." (Id. ¶ 20). To date, neither Lewis nor her attorneys have filed a notice with the Bankruptcy Court disclosing her FMLA and TPPA claims. (Doc. No. 36 ¶ 35).

Qsource moves for partial summary judgment based on Lewis' non-disclosure of her discrimination claims to the Bankruptcy Court. (Doc. No. 23 at 5-8). Qsource relies on several cases that say a debtor who knowingly fails to disclose a legal claim (*i.e.* an asset of the bankruptcy estate) to the Bankruptcy Court is judicially estopped from asserting that claim. (Id. at 4-5 (citing White v. Wyndham Vacation Ownership, Inc., 617 F.3d 472, 479 (6th Cir. 2010) and Vaughn v. Metro Gov't of Nashville & Davidson Cnty., 2014 WL 234200, at *4 (M.D. Tenn. Jan. 22, 2014)).

The Court appreciates Qsource's reliance on these cases, and agrees, as a general proposition, that a debtor has an ongoing duty to disclose new assets, including potential legal claims, to the Bankruptcy Court. However, the core requirement for judicial estoppel is that a party take a position that is contrary to an earlier position they took under oath in an earlier proceeding. Davis v. Fiat Chrysler Automobiles U.S. LLC, 747 F. App's 309, 313 (6th Cir. 2018) (citing White, 617 F.3d at 478). The facts of this case do not neatly fit this requirement.

To begin with, Lewis was truthful in her Chapter 13 petition because her employment claims did not exist in 2022 when she filed her bankruptcy case. Likewise, her discrimination and

retaliation claims did not exist when the bankruptcy judge confirmed her Chapter 13 plan. Qsource acknowledges that Lewis' FMLA and TPPA claims post-date her bankruptcy proceedings but argues that Lewis acted in bad faith by failing to amend her bankruptcy petition after March 2024. (See Doc. No. 41 at 2).

Qsource's bad faith claim, which has some initial appeal, is complicated because Lewis informed her bankruptcy lawyers about her claims in Spring 2024 and updated them again about those claims in December 2024. (Doc. No. 40 at ¶¶ 15, 20). She also swore under penalty of perjury that she relied on her lawyers' professional advice when deciding whether to disclose her discrimination and retaliation claims to the bankruptcy court or not. (Doc. No. 36-1, ¶ 22). On this record, Lewis' failure to update the bankruptcy court appears to stem from her mistake about the legal requirements governing her bankruptcy case. Cf. Matsushita Elecs. Corp. v. Loral Corp., 1995 WL 527640, *2 (S.D.N.Y. 1995) (noting that advice-of-counsel is a defense to claims of bad faith). Because, as Qsource concedes, Sixth Circuit precedent precludes the application of judicial estoppel where a debtor mistakenly or inadvertently fails to disclose a new asset to the Bankruptcy Court, (see Doc. No. 23 (citing White, 617 F.3d. 476)), the Court will not judicially estop Lewis' claims.[1]

That does not mean, however, that Lewis and her lawyers should continue to leave the Bankruptcy Court in the dark. For one, the Court has serious concerns about whether Lewis, as a Chapter 13 debtor, has Article III standing to prosecute these discrimination claims or whether the Trustee is the only person capable of maintaining this suit. The Sixth Circuit, albeit in an unpublished opinion, held that Chapter 13 debtors do not have standing to pursue causes of action

---

[1] If Qsource produces evidence at a later date showing that Lewis acted in bad faith, the court may reconsider Qsource's estoppel arguments.

because those causes of action are the property of the bankruptcy estate. See Rugiero v. Nationstar Mortg., LLC, 580 F. App'x 376 (6th Cir. 2014).  Rugiero is not binding circuit precedent, though, and other district courts have called into question that decision's reasoning.  See, e.g., Crosby v. CoreCivic of Tennessee, LLC, 2020 WL 19001855, *4, n.5 (W.D. Tenn. 2022); Perry v. Allstate Indemnity Co., 2021 WL 3560195, *2-3 (N.D. Ohio 2021); Dufrene v. ConAgra Foods, Inc., 196 F.Supp.3d. 979, 981-83 (D. Minn. 2016).

Given the Court's duty to assess its own jurisdiction and in light of the uncertainty over whether a Chapter 13 debtor has Article III standing to prosecute non-bankruptcy claims in the Sixth Circuit, the Court orders Lewis to provide a copy of this Order to the Chapter 13 Trustee, Henry R. Hildebrand, III, on or before **July 30, 2025**.  Thereafter, the parties shall meet and confer to discuss standing on or before **August 15, 2025**.  If the parties agree on whether Lewis has standing, they should file a joint status report with legal support on or before **August 29, 2025**.  If the parties do not agree, Defendant shall move to dismiss Lewis' claims for lack of standing on or before **August 29, 2025**.  Lewis and the Chapter 13 Trustee can file a response on or before **September 8, 2025,** and Defendant may file a reply by **September 16, 2025.**

Because Lewis has not knowingly taken inconsistent positions in litigation, Qsource's motion for partial summary judgment (Doc. No. 22) is **DENIED**.  Moreover, the parties are directed to address standing as outlined above.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR
UNITED STATES DISTRICT JUDGE